TULBURT, et al, Respondents, v. HOURSCHT, Appellant.

(248 N. W. 192.)

(File No. 7451. Opinion filed April 24, 1933.)

*Krause & Krause* and *Ervin P. Van Buren,* all of Dell Rapids, for Appellant.

*E. E. Sullivan* and *Ernest Raley,* both of Sioux Falls, for Respondents.

CAMPBELL, J. In 1929 plaintiff Tulburt owned a tract of land in Hand county subject to a first mortgage of $33,000, and defendant Hourscht owned a tract of land in Moody county subject to mortgages aggregating $44,000. The holder of the first mortgage for $33,000 on plaintiff's land was willing to reduce the same by the sum of $6,000, making it $27,000, and extend the time of payment thereof. It was agreed, in substance, between the parties that the first mortgage on plaintiff's land would be reduced to $27,000, that plaintiff would place on said land in lieu of said $6,000 reduction in the first mortgage a second mortgage for $6,000, and that plaintiff would exchange her Hand county land subject to incumbrance of $33,000 in the form of $27,000 on first mortgage and $6,000 on second mortgage for defendant's Moody

county land subject to incumbrance aggregating $44,000, as aforesaid, plaintiff to pay to defendant on the exchange the sum of $10,000, $2,000 at the time of the execution of the written contract embodying the agreement of the parties, and $8,000 at the time of the exchange of deeds.

The written contract was executed and the $2,000 payment made by plaintiff to defendant, and plaintiff Tulburt executed and delivered a $6,000 second mortgage on her Hand county land to the plaintiff Roth, although the agreement with the holder of the $33,000 first mortgage for the reduction thereof to $27,000 had not been consummated. Under these circumstances, with all parties fully aware of all the facts, deeds were exchanged, and the $8,000 balance of the $10,000 cash payment was paid to the defendant by the plaintiff in September, 1929, and possession of the tracts passed upon the exchange. In April, 1930, the holder of the first mortgage on the Hand county tract acquired by defendant on the exchange foreclosed said mortgage, taking possession of the property by a receiver pending the foreclosure and subsequently purchasing the property at foreclosure sale; the period for redemption expired, and the property was lost to the defendant.

Thereafter, and in April, 1931, plaintiff Tulburt instituted this action to recover of defendant the sum of $6,000, being the amount of the second mortgage placed by plaintiff upon her Hand county land prior to the exchange upon the theory that defendant had assumed and agreed to pay said mortgage, joining as coplaintiff Eva Roth, the owner and holder of said second mortgage. Defendant denied that he had assumed or agreed to pay said mortgage, and interposed a counterclaim, alleging that the Hand county farm which he acquired on the exchange had been lost to him because of the failure of plaintiff to have the first mortgage thereon reduced from $33,000 to $27,000, to defendant's damage in the sum of $30,000.

The case was duly brought on for trial to the court, who rejected findings of fact proposed by defendant, found as a fact that defendant had not assumed or agreed to pay the $6,000 second mortgage (although he took the land subject thereto), and entered judgment dismissing plaintiff's complaint upon the merits and with prejudice, and dismissing defendant's counterclaim upon the merits

and with prejudice, from which judgment and from a denial of his application for new trial defendant has now appealed.

Appellant contends in the alternative that, because of the failure of respondent Tulburt to procure the reduction of $33,000 first mortgage to $27,000, he was damaged and is entitled to recover from her either his actual damage, which he places at $30,000, or, in any event, the sum of $2,000, which was specified in the original contract of exchange between the parties as the amount of liquidated damages to be paid by either party who might fail to perform the contract.

██ ██ We have examined the record with care. We very much doubt whether the failure to have the first mortgage reduced from $33,000 to $27,000 proximately caused the loss of the Hand county farm to appellant. We are further of the opinion that appellant, by his conduct, waived any obligation on the part of respondent Tulburt to secure this reduction, and closed and consummated the exchange agreement knowing the reduction had not been made and relying upon making it himself if he wished it. It seems quite clear also that he could have made it himself had he wished. We find no prejudicial error in the record, and the judgment and order appealed from are therefore affirmed.

All the Judges concur.